11. All rights and remedies provided in this Promissory Note or by law shall be available to Payee hereof and shall be cumulative, and any delay in exercising, or failure to exercise, a right or remedy shall not constitute a waiver thereof.

12. This Promissory Note may be changed, amended or modified only by an agreement in writing signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

13. Maker represents that it has full power and authority and legal right to execute and deliver this Promissory Note and that the indebtedness evidenced hereby constitutes a valid and binding obligation of Maker.

14. This Promissory Note shall be governed by and construed in accordance with the laws of the State of Florida without giving effect to the choice of law rules thereof.

15. This Promissory Note shall be binding on the successors and assigns of Maker and shall inure to the benefit of the successors and assigns of Payee.

16. **PREPAYMENT**. The debt evidenced by this Promissory Note may be prepaid, in whole or in part, at any time, without premium or penalty upon five (5) days written notice to Payee. All prepayments of principal shall be accompanied by and applied first to the payment of costs and expenses, then to unpaid late charges, then to accrued and unpaid interest and the balance on account of the unpaid principal.

17. **INTERPRETATION**. Captions and headings used in this Note are for convenience only. The term "Maker" and any pronoun referring thereto as used herein shall be construed in the masculine, feminine or neuter as the context may require. The singular includes the plural and the plural includes the singular. The term "any" means any and all.

18. **INVALIDITY**. If any provision of this Promissory Note or the application of any provision to any person or circumstance shall be invalid or unenforceable, neither the balance of this Promissory Note nor the application of the provision to other persons or circumstances shall be affected.

IN WITNESS WHEREOF, the undersigned has duly executed this Promissory Note as of the date first above written:

W.B. CARE CENTER, LLC

By: _____
Name: Timothy Reardon
Title: _____

JACK HEINEY
MY COMMISSION #DD375158
EXPIRES: NOV 28, 2008
Bonded through 1st State Insurance

[signature] 7/15/08

4

235660v2

## NOTE GUARANTY

This Guaranty, dated as of the 30th day of June, 2008 made by TIMOTHY PATRICK REARDON, having an address at 2627 South Bayshore Drive, Suite 2506, Miami, Florida, 33133 ("Guarantor") in favor of INSTITUTIONAL LEASING 1 LLC having an address at P.O.B. 402401 Miami Beach, Florida 33140 ("Landlord").

WHEREAS, simultaneously herewith Landlord has entered into an Agreement of Lease (the "Lease"), dated as of the date hereof, with W.B. Care Center, a Florida limited liability company having an office at 2627 South Bayshore Drive, Suite 2506, Miami, Florida, 33133 ("Tenant") for the building known as West Broward Care Center, Broward Florida ("Premises", as more particularly described in the Lease), which Lease is hereby incorporated in this Guaranty by reference and

WHEREAS, in addition in connection with such Lease, Tenant, as Maker, signed a $2,500,000 Promissory Note, made payable to Landlord, as Payee, (the "Note"); and

WHEREAS, Guarantor owns a 100% portion of the membership interests of Tenant and Guarantor will derive substantial benefit from the Lease; and

WHEREAS, Guarantor acknowledges that Landlord would not enter into the Lease unless Guarantor enters into this Guaranty and this Guaranty accompanies the execution and delivery of such Note and Lease by Tenant.

NOW, THEREFORE, in consideration of the execution and delivery of the Lease by Landlord, for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged by Guarantor, Guarantor does hereby covenant and agree with Landlord as follows:

1. Unless otherwise specifically noted, all capitalized terms used in this Guaranty shall have the same meaning as are ascribed to such terms in the Note.

2. Guarantor hereby absolutely, unconditionally and irrevocably guaranties, as principal and not as indemnitor, to Landlord, in accordance with and pursuant to this Guaranty, payment and timely performance of all obligations, now or hereafter existing, of Tenant under the Note.

3. (A) Guarantor acknowledges that its liability hereunder is primary and that Landlord may, at Landlord's option, join Guarantor in any action or proceeding commenced by Landlord against Tenant in connection with or based upon the Note and/or Lease or any term, covenant or condition thereof, and recovery may be had against Guarantor in such action or proceeding or in any independent action or proceeding against Guarantor without Landlord first asserting, prosecuting, or exhausting any remedy or claim against Tenant.

235675v2

(B). Guarantor acknowledges that this Guaranty is an absolute and unconditional guaranty of payment and performance and not merely of collection.

4.  (A) All payments due hereunder shall be made in lawful money of the United States of America in immediately available funds free and clear of, and without deduction or withholding for or on account of, any taxes, levies, fees, imposts, duties, expenses, commissions, withholdings, assessments or other charges, or any penalties, fines, additions to tax or interest thereon (collectively, "Taxes") to the extent that any such Taxes would reduce the amount Landlord would otherwise have received had Tenant made such payment. If any Taxes shall be required by law to be deducted or withheld from any payment hereunder and as a result thereof the amount Landlord would otherwise have received had Tenant made such payment is reduced, Guarantor shall increase the amount paid so that Landlord receives, after deduction or withholding on account of taxes, the full amount of the payment provided for in this Guaranty.

(B) If Landlord shall be obligated by any bankruptcy, insolvency or other legal proceedings to repay to Guarantor or to Tenant, or to any trustee, receiver or other representative of any of them, any amounts previously paid by Guarantor pursuant to this Guaranty, this Guaranty shall be deemed reinstated to the extent of that repayment made by Landlord. Landlord shall not be required to litigate or otherwise dispute its obligation to make such repayments if, in good faith and on the advice of counsel, Landlord believes that such obligation exists.

5.  This Guaranty shall be a continuing guarantee and the liability of Guarantor hereunder shall in no way be affected, modified, diminished, impaired or terminated by reason of any of the following, whether or not notice thereof is given to or consent is obtained from Guarantor: (i) any consent, approval, waiver or other action, inaction or omission under or concerning the Note, (ii) any dealings or transactions or matter or thing occurring between Landlord and Tenant, (iii) any bankruptcy, insolvency, reorganization, arrangement, assignment for the benefit of creditors, receivership or trusteeship affecting Tenant or its successors or assigns, (iv) any change in relationship between Guarantor and Tenant, (v) the default or failure of Guarantor to perform any of its obligations set forth in this Guaranty, (vi) any action which Landlord may take or fail to take against Tenant by reason of any waiver of, or failure to enforce, any of the rights or remedies reserved to Landlord under the Note, or otherwise and (vii) any other circumstance or condition that may result in a discharge, limitation or reduction of liability of a surety or guarantor.

6.  (A) Guarantor hereby waives notice of the acceptance of this Guaranty and presentment and demand for payment, notice of non-payment, notice of dishonor, protest, notice of protest, non-performance, non-observance and any other notice or demand to which Guarantor might otherwise be entitled.

(B) Guarantor hereby waives trial by jury of any and all issues arising in any action or proceeding between the parties, upon, under or in connection with this Guaranty or of any of its provisions, directly or indirectly, or any and all negotiations in connection therewith.

7. Guarantor's obligations hereunder shall not be subject to any reduction, limitation, impairment or termination for any reason, including, without limitation, any claim of waiver, release, surrender, attention or compromise and shall not be subject to, and Guarantor hereby irrevocably waives, any defense or set-off, counterclaim, recoupment or termination whatsoever by reason of the invalidity, illegality or unenforceability of any of Guarantor's obligations hereunder or otherwise.

8. Guarantor hereby irrevocably:

(A) submits to the jurisdiction of the state courts of the State of Florida, for the purposes of each and every suit, action or other proceeding arising out of or based upon this Guaranty or the subject matter hereof brought by Landlord, it being expressly understood and agreed that this consent to jurisdiction shall be self-operative and no further instrument or action, other than service of process in one of the manners specified in this Guaranty or as otherwise permitted by such law, shall be necessary in order to confer jurisdiction upon Guarantor in any such court; and

(B) waives, and agrees not to assert, by way of motion, as a defense, or otherwise, in any suit, action or proceeding brought in any such court, any claim that Guarantor is not subject personally to the jurisdiction of the above-named courts, that Guarantor's property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Guaranty or the subject matter hereof may not be enforced in or by such court, and further agrees to waive, to the fullest extent permitted under applicable law, the benefit of any defense that would hinder, fetter or delay the levy, execution or collection of any amount to which Landlord or its successors or assigns are entitled pursuant to the final judgment of any court having jurisdiction.

9. Guarantor hereby consents to service of process by certified or registered mail at address for Guarantor as set forth in Paragraph 14 hereof, or in any other manner permitted by law. Guarantor agrees that service in the foregoing manner shall be deemed, in every respect, effective service of process upon Guarantor and be taken and held to be valid personal service upon, and personal delivery to, Guarantor. Guarantor agrees that Guarantor's submission to jurisdiction and consent to service of process by mail is made for the express benefit of Landlord.

10. Final judgment against Guarantor in any such action, suit or proceeding shall be conclusive, and may be enforced in other jurisdictions:

3

[00235675v1]

235675v2

      (A) by suit, action or proceeding on the judgment, a certified or true copy of which shall be conclusive evidence of the fact and of the amount of any indebtedness or liability of Guarantor therein described; or

      (B) in any other manner provided by or pursuant to the laws of such other jurisdiction; provided, however, that Landlord may at its option bring suit, or institute other judicial proceedings against Guarantor or any of the Guarantor's assets in any state or federal court of the United States or of any country or place where either Guarantor or such assets may be found.

    11. Guarantor represents and warrants to Landlord that:

      (A) Guarantor has full power, authority and legal right to cause this Guaranty to be signed and delivered, and to perform and observe the provisions of this Guaranty, including, without limitation, the payment of all moneys hereunder.

      (B) This Guaranty constitutes the legal, valid and binding obligation of Guarantor, and is enforceable in accordance with its terms.

      (C) Guarantor, as of the date hereof, is not in violation of any decree, ruling, judgment, order or injunction applicable to it nor any law, ordinance, rule or regulation of whatever nature, nor are there any actions, proceedings or investigations pending or threatened against or affecting Guarantor (or any basis therefor known to Guarantor) before or by any court, arbitrator, administrative agency or other governmental authority or entity, any of which, if adversely decided, would materially or adversely affect its ability to carry out any of the terms, covenants and conditions of this Guaranty.

      (D) No authorization, approval, consent or permission (governmental or otherwise) of any court, agency, commission or other authority or entity is required for the due execution, delivery, performance or observance by Guarantor of this Guaranty or for the payment of any sums hereunder.

      (E) Neither the execution and delivery of this Guaranty, nor the consummation of the transactions herein contemplated, nor compliance with the terms and provisions hereof, conflict or will conflict with or result in a breach of any of the terms, conditions or provisions of any order, writ, injunction or decree of any court or governmental authority, or of any agreement or instrument to which Guarantor is a party or by which it is bound, or constitutes or will constitute a default thereunder.

    12. Nothing herein contained is intended or shall be construed to give to Guarantor any right of subrogation under the Note or any right to participate in any way therein or in Landlord's right, title and interest in the Note. Notwithstanding any payments made under this Guaranty, all rights of subrogation and participation are expressly waived and released by Guarantor.

13. If Landlord shall employ counsel to enforce Guarantor's obligations under this Guaranty or any part thereof, Guarantor agrees to pay on demand all of Landlord's costs in connection therewith, whether or not suit be brought including, without limitation, reasonable attorneys' fees and disbursements.

14. All notices, demands, requests, consents, approvals or other communications (collectively, "Notices") desired or required to be given under this Guaranty shall be in writing, and, any law or statute to the contrary notwithstanding, shall be effective for any purpose if sent by registered or certified mail, return receipt requested, prepaid, addressed as follows:

> If to Guarantor, to him at the
> address first set forth above
>
> If to Landlord, to it at its address
> first set forth above:
>
> with a copy to:
>
> Siller Wilk LLP
> 675 Third Avenue
> New York, New York 10017
> Attention: Aaron C. Kinderlehrer, Esq.

All Notices shall be deemed given or served on the third (3rd) day after the date on which such Notice has been sent. Any party to this Guaranty may change the address to which Notices shall be delivered to it and its representatives by notice in accordance with this Paragraph 14.

15. (A) The provisions of this Guaranty shall be binding upon and shall inure to the benefit of Landlord and Guarantor and their respective successors and assigns. All references in this Guaranty to Landlord and Tenant shall be deemed to mean Landlord's and Tenant's respective permitted successors and assigns.

(B) No delay on the part of Landlord in exercising any right, power or privilege under this Guaranty, nor any failure to exercise the same, shall operate as a waiver of, or otherwise affect, any right, power or privilege of Landlord under this Guaranty, nor shall any single or partial exercise thereof preclude the further exercise of, or the exercise of any other, right, power or privilege of Landlord under this Guaranty.

(C) Neither any waiver or modification of any provision of this Guaranty, nor any termination of this Guaranty, shall be effective unless in writing and signed by the party against which the waiver, modification or termination is sought to be

enforced, nor shall any waiver be applicable except in the specific instance for which it is given.

(D) The validity and enforcement of this Guaranty shall be governed by and construed in accordance with the internal laws of the State of Florida without regard to principles of conflicts of law, and such laws shall apply in any action or proceeding arising out of or under this Guaranty.

(E) All remedies afforded to Landlord by reason of this Guaranty are separate and cumulative remedies and it is agreed that no one remedy, whether exercised by Landlord or not, shall be deemed to be in exclusion of any other remedy available to Landlord and shall not limit or prejudice any other legal or equitable remedy which Landlord may have.

(F) If any provision of this Guaranty or the application thereof to any person or circumstance shall to any extent be held void, unenforceable or invalid, then the remainder of this Guaranty or the application of such provision to persons or circumstances other than those as to which it is held void, unenforceable or invalid, shall not be affected thereby and each provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law.

16. Joint and Several Liability:

If there is more than one guarantor of the Note, each such guarantor, including, but not limited to, Guarantor hereunder shall be jointly and severally liable for the full and timely performance of all obligations, new or hereafter existing, of Tenant under the Note. Further, each such guarantor, including, but not limited to, Guarantor hereunder agrees that Landlord need not seek payment from any other person or source other than the undersigned Guarantor.

   IN WITNESS WHEREOF, Guarantor have signed this Guaranty as of the date first above written.

_____
TIMOTHY PATRICK REARDON

STATE OF _____ )
         ) ss.:
COUNTY OF _____ )

On the 15 day of July in the year 2008 before me, the undersigned, personally appeared TIMOTHY PATRICK REARDON, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JACK HEINEY
MY COMMISSION #DD375158
EXPIRES: NOV 28, 2008
Bonded through 1st State Insurance

7

[00235675v1]

235675v2

# EXHIBIT E

## LIST OF PERSONAL PROPERTY

232657v6

West Broward Capital Items Listing

| **Nursing** | | **Rehab** | |
|---|---|---|---|
| Electric beds | 120 | Parallel bars | 1 |
| Specialty Mattress | 7 | Standing table | 1 |
| Recliner Chair | 6 | hydroculator | 2 |
| O2 Concentrator | 13 | mat table | 2 |
| Standing Lift | 2 | OT table | 1 |
| Hoyer Lift | 2 | Nu-step | 1 |
| Platform scale | 1 | ACP (Leased) | 1 |
| Wheelchairs | 100 | Vital-stim unit | 1 |
| walkers | 23 | Ultrasound | 1 |
| Nebulizers/Compressors | 4 | e-stim | 1 |
| Thermometers | 3 | Refrigerator | 1 |
| Blood Pressure Machines | 3 | | |
| Crash cart | 2 | | |
| Overbed tables | 97 | **Housekeeping/Laundry** | |
| Ice carts | 2 | Washer: Unimac (1 50 lb and 1 50 lb) | 2 |
| Guest chairs | 70 | Dryer: Unimac Commercial Grade 70lbs | 2 |
| Nightstands | 103 | Stripper(power flite) | 1 |
| Shower chairs | 6 | Buffer (tennant 2320, tornado, charger) | 3 |
| Commodes | 14 | (2 not working properly) | |
| | | Carpet machine (winsor/spirit) | 1 |
| **Office** | | | |
| Computer | 20 | **Dining Room** | |
| Printers | 11 | Tables | 16 |
| Copier Machine | 1 | Chairs | 20 |
| Fax Machines | 4 | | |
| Desks | 30 | | |
| Chairs | 78 | **Employee Lounge** | 0 |
| Shelves & File Cabinets | 47 | Refrigerator | 1 |
| Tables | 3 | lockers | 2 |
| **Kitchen** | | **Other** | |
| Steam Table | 1 | Telehphone system | 1 |
| Oven/Grill | 1 | Phones | 34 |
| 6 burner Oven | 1 | | |
| Convection Oven | 1 | | |
| Double Refrigerator | 2 | **Maintenance** | |
| Single Refrigerator | 1 | P-t a/c units | |
| Steamer | 1 | | |
| Toaster | 1 | | |
| Ice Machine | 1 | | |
| Coffee Maker | 1 | | |
| Plate warmer | 1 | | |