UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20829-CIV-LENARD/O'SULLIVAN

TIMOTHY PATRICK REARDON,

    Plaintiff,

vs.

LAKE WORTH ENTERPRISES, LLC, et. al.

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Default Against Defendant Institutional Leasing 1, LLC and Applies to this Honorable Court for Damages (DE# 66, 9/14/12); the Plaintiff's Motion for Default Against Millennium Management, LLC f/k/a Elite Healthcare Management, LLC and Applies to this Honorable Court for Damages (DE# 67, 9/14/12); the Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (DE# 69, 9/14/12) filed by defendants Millennium Management, LLC f/k/a Elite Healthcare Management, LLC, Millennium Healthcare Management, LLC d/b/a Millennium Management, Institutional Leasing 1, LLC, DIP Capital Lending, Inc., Michael I. Bernstein, P.A., West Broward Group, LLC, Northern Jacksonville Enterprise, LLC d/b/a Lanier Manor, Lake Worth Enterprise, LLC d/b/a Oasis Health and Rehabilitation Center, Hialeah Enterprise, LLC d/b/a Hialeah Nursing and Rehabilitation Center, Boca Group, LLC d/b/a Menorah House, Delray Group, LLC d/b/a Lake View Center at Delray, and Bradenton Enterprise, LLC; the Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (DE# 72, 9/14/12) filed by defendants Zichron Foundation for Special Needs, the Ridge Park Foundation, and Wilk Auslander, LLP; the Plaintiff's Motion in Opposition to Notice of Removal to the United States Bankruptcy Court for the Southern

District of Florida, Fort Lauderdale Division Filed by Defendant ECC, P.L. d/b/a Ehrenstein Charbonneau Calderin & Joinder in Notice of Removal by Defendant Stearns Weaver Miller Alhadeff & Sitterson (DE# 74, 9/17/12); the Agreed Motion for Extension of Time to Respond to Amended Complaint (DE# 78, 9/19/12) filed by ECC, P.L. d/b/a Ehrenstein Charbonneau Calderin and the Agreed Motion for Extension of Time to Respond to Amended Complaint (DE# 82, 9/21/12) filed by defendant Wilk Auslander, LLP. Having reviewed the applicable fillings and the law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Default Against Millennium Management, LLC f/k/a Elite Healthcare Management, LLC and Applies to this Honorable Court for Damages (DE# 67, 9/14/12) and the Plaintiff's Motion for Default Against Defendant Institutional Leasing 1, LLC and Applies to this Honorable Court for Damages (DE# 66, 9/14/12) are **DENIED**. Defendants Millennium Management, LLC f/k/a Elite Healthcare Management, LLC (hereinafter "Millennium Management") and Institutional Leasing 1, LLC (hereinafter "Institutional Leasing") were both served on August 21, 2012. See Return of Summonses (DE# 32-33, 9/4/12). Their responses to the Amended Complaint (DE# 15, 7/30/12) were due on September 11, 2012, 21-days after the date of service. See Fed. R. Civ. P. 12(a)(1)(A)(i). Three days later, Millennium Management and Institutional Leasing moved for an extension of time to respond to the Amended Complaint (DE# 15, 7/30/12).

Defendants Millennium Management and Institutional Leasing state that their responses to the Amended Complaint were due no earlier than September 14, 2012. See Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (DE# 69 at 2, 9/14/12) (stating that "[t]he Defendants have all been served on different days, and the subsequent deadline each Defendant has to respond to Plaintiff's Amended Complaint run

2

anywhere from September 14, 2012 to October 1, 2012."). The defendants rely on the Notice of Removal (DE# 47, 9/7/12) filed by another defendant to calculate the deadline for responding to the Amended Complaint under Federal Rule of Bankruptcy Procedure 9027(g) (stating that "[i]n a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under the rules of Part VII within 21 days following the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief on which the action or proceeding is based, or within 21 days following the service of summons on such initial pleading, or within seven days following the filing of the notice of removal, **whichever period is longest**.") (emphasis added). However, on September 13, 2012, the Bankruptcy Court issued an Order of Remand (DE# 80-11, 9/20/12) finding that the Notice of Removal (DE# 47, 9/7/12) pursuant to 28 U.S.C. § 1452 was improper. See Order of Remand (DE# 80-11, 9/20/12) (stating that "[t]his bankruptcy court finds that 28 U.S.C. § 1452(a) cannot be used to remove a lawsuit from a District Court to a bankruptcy court in the same district where that action was pending.") (citations omitted).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Based on the filings in this case, the undersigned determines that the entry of a default against defendants Millennium Management and Institutional Leasing is not appropriate at this time. The Eleventh Circuit has made it clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). The defendants moved within a short period of time, three days, for an extension of time to respond to the Amended Complaint (DE# 15, 7/30/12) and there is no prejudice to

the plaintiff in providing these defendants with an opportunity to respond to the Amended Complaint (DE# 15, 7/30/12). <u>See</u> <u>Lacy v. Sitel Corp.</u>, 227 F.3d 290, 293 (5th Cir. 2000) (on a motion to set aside a default finding "no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."). For these reasons, the undersigned finds good cause and denies plaintiff's motions for default. It is further

ORDERED AND ADJUDGED that the Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (DE# 69, 9/14/12), the Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (DE# 72, 9/14/12), the Agreed Motion for Extension of Time to Respond to Amended Complaint (DE# 78, 9/19/12) and the Agreed Motion for Extension of Time to Respond to Amended Complaint (DE# 82, 9/21/12) are **GRANTED**. Defendants Millennium Management, LLC f/k/a Elite Healthcare Management, LLC, Millennium Healthcare Management, LLC d/b/a Millennium Management, Institutional Leasing 1, LLC, DIP Capital Lending, Inc., Michael I. Bernstein, P.A., West Broward Group, LLC, Northern Jacksonville Enterprise, LLC d/b/a Lanier Manor, Lake Worth Enterprise, LLC d/b/a Oasis Health and Rehabilitation Center, Hialeah Enterprise, LLC d/b/a Hialeah Nursing and Rehabilitation Center, Boca Group, LLC d/b/a Menorah House, Delray Group, LLC d/b/a Lake View Center at Delray, and Bradenton Enterprise, LLC shall file their responses to the Amended Complaint (DE# 15, 7/30/12) on or before **Friday, October 5, 2012**. Defendants Zichron Foundation for Special Need, the Ridge Park Foundation and Wilk Auslander, LLP[1] shall file their responses to the Amended Complaint (DE# 15, 7/30/12)

---

[1] Defendant Wilk Auslander, LLP filed two motions for extension of time. <u>See</u> Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (DE# 69, 9/14/12) and the Agreed Motion for Extension of Time to Respond to Amended Complaint (DE# 82, 9/21/12). The first motion requested an extension of time until October 15, 2012 and the second motion requested an extension of time until October 2, 2012. <u>Id.</u> The undersigned will allow this defendant until October 15, 2012 to respond the Amended Complaint (DE# 15, 7/30/12).

on or before **Monday, October 15, 2012**. Defendant ECC, P.L. d/b/a Ehrenstein Charbonneau Calderin shall file its response to the Amended Complaint (DE# 15, 7/30/12) on or before **Tuesday, October 2, 2012**. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion in Opposition to Notice of Removal to the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division Filed by Defendant ECC, P.L. d/b/a Ehrenstein Charbonneau Calderin & Joinder in Notice of Removal by Defendant Stearns Weaver Miller Alhadeff & Sitterson (DE# 74, 9/17/12) is **DENIED as moot**. The bankruptcy court has already determined that the Notice of Removal (DE# 47, 9/7/12) was improper. See Order of Remand (DE# 80-11 at 2, 9/20/12), discussed supra.

DONE AND ORDERED in Chambers at Miami, Florida this **24th** day of September, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Lenard
All counsel of record
All pro se parties.

5